**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

KENNETH EDGARDO ARGUIJO CRUZ,

Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,

Respondent.

No. 2:26-cv-03109-SHL-cgc

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 27, 2026, Petitioner Kenneth Edgardo Arguijo Cruz filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 2–3.) Mr. Arguijo Cruz states that he first entered the United States in 2022 as a minor child. (Id. at PageID 2.) He has lived here since then. (Id.) He has one infant son who was born prematurely and suffers from health issues that will require surgery. (Id.) Mr. Arguijo Cruz's partner, mother, and three siblings are also present in the United States. (Id.) He is employed as a drywall finisher for Professional Drywall and Painting Inc. (Id.) On or about August 19, 2026, he was arrested and was detained by ICE. (Id.) He is detained at the West Tennessee Detention Facility. (Id. at PageID 2, 6.) He seeks, among other things, immediate release. (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 11th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE